**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**ABERDEEN DIVISION**

**DONICE FIELDS**                                                                         **PLAINTIFF**

**v.**                                                              **CIVIL ACTION NO. 1:21-cv-133-JMV**

**COMMISSIONER OF**
**SOCIAL SECURITY**                                                          **DEFENDANT**

## JUDGMENT

This matter is before the court on Plaintiff's complaint [1] for judicial review of the Commissioner of the Social Security Administration's denial of an application for supplemental security income. The parties have consented to entry of final judgment by the United States Magistrate Judge, with any appeal to the Court of Appeals for the Fifth Circuit. The undersigned held a hearing on May 19, 2022 [18]. Having considered the record, the administrative transcript, the briefs of the parties, the oral arguments of counsel and the applicable law, the undersigned finds the Commissioner's decision is not supported by substantial evidence and should be reversed.

### Statement of the Case

Plaintiff, Donice Fields, protectively filed an application in the present matter on June 14, 2017. She was born November 5, 1976, and was 33 years old, which is defined as a younger individual, on the alleged date of onset. The application was denied initially and upon reconsideration. Plaintiff filed a timely request for a hearing. The ALJ issued an Unfavorable Decision in this cause on February 24, 2020. However, the Appeals Council issued an Order dated September 30, 2020, which remanded the case back to the ALJ. Thereafter, the ALJ held another hearing on February 23, 2021, and rendered an Unfavorable Decision on March 4, 2021. The Appeals Council issued an Order affirming the decision on July 2, 2021, thereby making it the

decision of the Commissioner and the Social Security Administration for purposes of judicial review under the Social Security Act.

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since her alleged onset date of August 1, 2010. At step two, the ALJ found that the Plaintiff had the following "severe" impairments: following severe impairments: obesity, valgus deformity with osteoarthritis of the bilateral knees, obstructive sleep apnea, chronic iron deficient anemia, DeQervain's tenosynovitis of the right wrist, depression, and anxiety. At step three, the ALJ found that none of Plaintiff's impairments, either alone or in combination, met or equaled the criteria of an impairment at 20 C.F.R. Pt. 404, Subpt. P, App. 1 (the Listings).

The ALJ then assessed Plaintiff with the following RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except she can lift/carry and push/pull 10 pounds occasionally and less than 10 pounds frequently. She can stand/walk for 2 hours in an 8-hour workday and sit for 6 hours in an 8-hour workday. She can never climb ladders, ropes, or scaffolds. She can occasionally climb ramps and stairs. She can occasionally balance, stoop, crouch, kneel, and crawl. She can frequently handle and grasp with the right dominant hand. She must avoid working around unprotected heights and hazardous moving machinery. She can understand, remember and carry out simple instructions and perform routine tasks. She can sustain attention, concentration, and persistence on task for 2-hour periods throughout an 8-hour workday. She can occasionally interact with supervisors, co-workers, and the general public. She can adapt to simple changes in the workplace.

Tr. 38.

At step four, the ALJ found that the Plaintiff was unable to perform any past relevant work. Tr. 51. At step five, in response to a hypothetical based on Plaintiff's age, education, and RFC for a reduced range of sedentary work, the VE testified that such a person could perform the representative jobs of circuit board assembler, DOT 726.684-110, with 17,000 jobs in the national economy; stuffer, DOT 731.685-014, with 5,000 jobs in the national economy; and document

preparer, DOT code 249.587-018, with 57,000 jobs in the national economy. Tr. 52, 124-127. Therefore, the ALJ found that the Plaintiff was not disabled.

## Discussion

Plaintiff raises three issues: (1) whether substantial evidence supports the ALJ's step five finding; (2) whether the ALJ properly evaluated the DDS findings; and (3) whether the ALJ considered all the record evidence in deciding Plaintiff's RFC. The undersigned finds that remand is warranted on the first issue because substantial evidence does not support the ALJ's step five finding.

At step five, it is the Commissioner's burden to identify a significant number of jobs a claimant can perform in the national economy. 42 U.S.C. § 423(d)(2)(A). If the claimant can perform a significant number of jobs, he will be found not disabled "regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work." *Id.* An ALJ may rely on VE testimony to establish jobs exist in significant numbers. 20 C.F.R. §§ 404.1566(e), 416.966(e).

Here, the undersigned finds the VE's testimony to be unreliable. The Plaintiff argues that there are two errors in the VE's testimony: (1) the job of document preparer is obsolete; and (2) even if the document preparer job were not obsolete, it requires a higher reasoning level than the RFC assigned to the Plaintiff by the ALJ.

The document preparer job has the following definition in the DOT:

CODE: 249.587-018
TITLE(s): DOCUMENT PREPARER, MICROFILMING (business ser.)

Prepares documents, such as brochures, pamphlets, and catalogs, for microfilming, using paper cutter, photocopying machine, rubber stamps, and other work devices: Cuts documents into individual pages of standard microfilming size and format when allowed by margin space, using paper cutter or razor knife. Reproduces document pages as necessary to improve clarity or to reduce one or more pages into

3

single page of standard microfilming size, using photocopying machine. Stamps standard symbols on pages or inserts instruction cards between pages of material to notify MICROFILM-CAMERA OPERATOR (business ser.) 976.682-022 of special handling, such as manual repositioning, during microfilming. Prepares cover sheet and document folder for material and index card for company files indicating information, such as firm name and address, product category, and index code, to identify material. Inserts material to be filmed in document folder and files folder for processing according to index code and filming priority schedule.

GOE: 07.05.03 STRENGTH: S GED: R3 M1 L2 SVP: 2 DLU: 86

As to the first error, in *Hardy v. Comm'r. of Social Security*, 2021 WL 2695354, at *3 (N.D. Miss. June 30, 2021), the Court had "no trouble" recognizing the job of document preparer as obsolete and finding the DOT number "not believable." Therefore, the undersigned likewise finds the document preparer job to be obsolete.

As to the second error, the document preparer job explicitly requires a reasoning level of three although the ALJ limited the Plaintiff to "simple" work-related decisions. In the briefing and in the hearing, the Commissioner cites *Carey v. Apfel*, 230 F.3d 131, 146-47 (5th Cir. 2000) in support of her argument that if the Claimant had an issue with the reasoning level of the job proffered by the VE, she should have raised the issue at the administrative hearing. However, in *Weldon v. Comm'r of Social Security*, U.S. Magistrate Judge Percy reasoned that:

> The Commissioner's decision is not supported by substantial evidence because the ALJ did not obtain reasonable explanations for apparent conflicts between the vocational expert's testimony and the Dictionary of Occupational Titles as required by SSR 00-4p (S.S.A.), 2000 WL 1898704, at *4. SSR 00-4p imposes an affirmative duty on the ALJ to identify and resolve apparent conflicts between VE testimony and the DOT, and such a conflict is not waived by the claimant's failure to question the VE about it. *Everhart v. Commissioner of Social Security*, No. 3:17-cv-188-DAS, 2018 WL 3614196, at *3 (N.D. Miss. July 27, 2018); *Lloyd v. Astrue*, No. 1:11-cv-263-LG-RHW, 2012 WL 3685967, at *3 (S.D. Miss. June 21, 2012), *report and recommendation adopted*, 2012 WL 3655463 (S.D. Miss. Aug. 24, 2012).

*Weldon v. Comm'r of Social Security*, 4:18-cv-204-RP (N.D. Miss. 2019). Judge Percy also noted that the *Carey* decision relied upon by the Commissioner predates SSR 00-4p. *See Id.* at 2 n.1.

4

Similarly, in *Councell v. Berryhill*, the ALJ failed to identify jobs that the plaintiff could perform that were compatible with the restriction of simple work-related decisions. *Councell v. Berryhill*, 3:17-CV-56-CWR (S.D. Miss. 2018). In *Councell*, the plaintiff was limited to performing simple work-related decisions; yet the ALJ found that the plaintiff could work as a surveillance system monitor, a job that requires a reasoning level of three. *Id.* The court noted that "[a] level three in reasoning development means that the claimant should be able to 'Apply commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form . . . and deal with problems involving several concrete variables in or from standardized situations." *Id.* The court reasoned that "[t]he problem is, of course, the apparent conflict between [Plaintiff's] abilities (simple tasks) and the job Social Security expects her to do (deal with problems involving several variables) . . . In such a situation, Social Security Ruling 00-4p required the ALJ to "obtain a reasonable explanation for the apparent conflict" from the VE, and then "explain in the determination or decision how he or she resolved the conflict."

In this case, it does not appear to the undersigned that the ALJ resolved the apparent conflict between the Plaintiff's RFC and a job requiring a reasoning level of three. Thus, the VE's testimony is unreliable, and the Document Preparer job should be stricken.

After striking the document preparer position for not one, but two reasons, there remains a cumulative total of 22,000 jobs in the instant case. There is precedent within this District regarding whether 22,000 jobs, plus unreliable VE testimony, is grounds for reversal and remand. In the 2020 case of *Buggs v. Saul*, U.S. Magistrate Judge Percy considered whether 29,100 jobs in the national economy was significant. 3:20-cv-68-RP (N.D. Miss. 2020). Judge Percy reasoned that "[g]iven the lack of Fifth Circuit guidance of whether such a number of jobs in the national economy is sufficient, and considering the questionable reliability of the VE's testimony as

discussed above, the court is uncomfortable concluding and will decline to conclude that there exists a significant number of jobs in the national economy." *Id., see also, Goliday v. Saul,* 3:20-CV-228-DMB-RP (N.D. Miss. May 21, 2021), *report and recommendation adopted* (N.D. Miss. June 15, 2021) (finding that 27,000 jobs in the national economy is not significant when coupled with unreliable VE testimony).

Subsequently, in the 2021 case of *Moore v. Commissioner*, the plaintiff argued that because the VE provided one job the plaintiff clearly could not perform, the VE's remaining suggestions were unreliable. 2021 WL 2834395, at *2 (N.D. Miss. July 7, 2021). U.S. Magistrate Judge Sanders agreed, finding that:

> Recently, the court agreed with this argument in *Hardy v. Comm'r. of Social Security*, 2021 WL 2695354 (N.D. Miss. June 30, 2021), adopting the reasoning in *Buggs v. Saul*, Civil Action No. 3:20-cv-68-RP (N.D. Miss. Oct. 28, 2020) and *Goliday v. Saul*, Civil Action No. 3:20-cv-228-DMB-RP (N.D. Miss. May 21, 2021), *report and recommendation adopted* (N.D. Miss. June 15, 2021). In *Hardy*, the court found the testimony of the VE was unreliable because he included two obsolete jobs in his list of three jobs the plaintiff could perform. In that case, this court declined, because of the flawed VE testimony, to find that 21,000 food and beverage clerk jobs were a significant number of jobs. *Hardy*, 2021 WL 2695354, at *4. The court cannot reach a different conclusion in this case. The VE's testimony in this case is unreliable as to one job and the remaining two jobs in the VE's testimony provide just 15,500 jobs nationwide. Because of the erroneous VE testimony, the court finds the decision is not supported by substantial evidence and must be reversed.

*Id.* at *2.

Likewise, the Court finds that due to the erroneous, unreliable VE testimony, the ALJ's conclusion that jobs exist in significant numbers in the national economy that the Plaintiff can perform is not supported by substantial evidence. Despite this finding, similar to the notations made in the *Hardy*, *Buggs*, and *Golladay* decisions, the undersigned makes no categorical finding that 22,000 jobs in the national economy is not a significant number.

**Conclusion**

For the reasons stated above, the Commissioner's decision is **REVERSED** and **REMANDED** for a rehearing of the Plaintiff's application under the fourth sentence of 405(g).

**This**, the 20th day of May, 2022.

/s/ Jane M. Virden
United States Magistrate Judge